PAUL T. TRIMMER, ESQ.
Nevada Bar No. 9291
I-CHE LAI, ESQ.
Nevada Bar No. 12247
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: paul.trimmer@jacksonlewis.com
Email: i-che.lai@jacksonlewis.com

*Attorneys for Defendants*
*Mandalay Bay, LLC and MGM Resorts International*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LUIS ECHEVERRIA, | Case No. |
| Plaintiff, | |
| v. | |
| MANDALAY BAY, LLC dba MANDALAY BAY RESORT & CASINO; MGM RESORTS INTERNATIONAL; DOES INDIVIDUALS I-X; ROE CORPORATIONS I-X, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| Defendants. | |

Defendants Mandalay Bay, LLC ("Mandalay Bay") and MGM Resorts International, by and through their counsel of record, Jackson Lewis P.C., hereby notify this Court of the removal of *Luis Echeverria v. Mandalay Bay, LLC et al.*, which was filed in the Eighth Judicial District Court of Nevada with the case number of A-25-933978-C. Federal question jurisdiction justifies the removal. *See* 28 U.S.C. §§ 1331, 1441(a).

Under the complete-preemption doctrine, "a federal statute's preemptive force … can convert[] an ordinary state common-law complaint into one stating a federal claim so that any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Tiahrt v. Aria Resort & Casino*, *LLC*, 659 F. Supp. 3d 1140, 1145 (D. Nev. 2023) (internal quotation marks and citation omitted). This preemption would allow federal-question removal. *Id*.

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.S. §185(a), provides federal jurisdiction over suits for violations of contracts between employers and labor organizations. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403-04 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 451 (1957); *Young v. Anthony's Fish Grottos*, 830 F.2d 993, 997 (9th Cir. 1987)). The Ninth Circuit and this Court have consistently held that section 301 is one of the "federal statutes that … so preempt their respective fields as to authorize removal of state-law actions." *See, e.g.*, *Tiahrt*, 659 F. Supp. at 1145 (internal quotation marks and citation omitted). Section 301 applies in this case to support removal.

In his complaint, Plaintiff identifies Mandalay Bay as his employer and a named defendant. (Compl. ¶ 2.) At all times relevant to the allegations in the complaint, Mandalay Bay is a party to a collective bargaining agreement (the "CBA") with Plaintiff's collective bargaining representative, the Culinary Workers Union Local 226.[1] The terms and conditions of Plaintiff's employment are governed by the CBA. Plaintiff has alleged that Defendants' conduct at issue in this case violated the CBA. (*E.g.*, Compl. ¶¶ 15-16.)

For example, Plaintiff alleges that his coworkers had harassed him at work and that he reported the harassment to Mandalay Bay. (Compl. ¶¶ 9, 12, 15.) He further alleges that Mandalay Bay did not investigate his reports of harassment. (Compl. ¶¶ 9, 12, 15.) Instead, this has allegedly led to retaliatory discipline, including termination. (Compl. ¶¶ 10-12, 14, 18-19, 34.) Plaintiff alleges that Mandalay Bay also prevented him from having his union assist with his reporting of harassment and response to his discipline. (Compl. ¶¶ 15-16, 19, 24.) He alleges this violates Mandalay Bay's policies regarding discipline of employees and constitutes wrongful termination. (Compl. ¶¶ 20, 22-26, 29, 35.) Plaintiff's allegations implicate Articles 4, 6, and 21 of the CBA, which concern cause for discharge and grievance rights. (Ex. A at 4-6, 9-10, 65-70.)

Based on alleged conduct of Mandalay Bay, Plaintiff's complaint asserts common law tort claims against Defendants for Wrongful Termination in violation of Nevada Public Policy;

---

[1] A true and correct copy of the applicable collective bargaining agreements is attached as Exhibit A. The Culinary Workers Union Local 226 and the Bartenders Local 165 negotiate jointly as the Local Joint Executive Board of Las Vegas.

JACKSON LEWIS P.C.

LAS VEGAS

Negligent Hiring, Supervision, and Retention; Defamation; False Light / Invasion of Privacy; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; and Retaliatory Discharge. (Compl. ¶¶ 21-51.) Resolution of these claims mandate the interpretation and application of the CBA. These common-law claims are therefore completely preempted under section 301 of the LMRA. *See, e.g., Young*, 830 F.2d at 997. Any remaining state law claims are also properly removed pursuant to this Court's supplemental jurisdiction. 28 U.S.C. §§ 1367(a), 1441(c).

Removal of the case to this Court is timely. Defendants were served on December 12, 2025. Removal occurred within 30 days of such service. *See Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) ("[28 U.S.C.] § 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served.").

Attached to this notice as Exhibit B is a copy of all process, pleadings, and orders filed in the Eighth Judicial District Court for this case. 28 U.S.C. § 1446(a). Defendants are filing a copy of this notice of removal with the clerk of the Eighth Judicial District Court of Nevada and will serve a copy of the notice on Plaintiff. *Id*. § 1446(d).

Dated: January 5, 2026

JACKSON LEWIS P.C.

*/s/Paul T. Trimmer*
Paul T. Trimmer
Nevada Bar No. 9291
I-Che Lai
Nevada Bar No. 12247
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Mandalay Bay, LLC and MGM Resorts*
*International*

JACKSON LEWIS P.C.

LAS VEGAS

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 5th day of January, 2026, I caused to be served first-class mail, a true and correct copy of the above foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** properly addressed to the following:

Luis Echeverria
6232 Small Point Drive
Las Vegas, Nevada 89108

*Pro Se Plaintiff*

 */s/ Rebecca Portelli*
Employee of Jackson Lewis P.C.